COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Pamela J. Hazelwood v. Keith L. Hazelwood

Appellate case number:    01-17-00147-CV

Trial court case number:   2015-49239

Trial court:                      310th District Court of Harris County

Pending before this court are the following motions:

- Appellee's "Motion for an Extension of Time to File Brief" (filed Nov. 14, 2017)
- Appellant's "Motion for Leave of Court to File Second Amended Brief of Appellant to Cite the Record" (filed Jan. 4, 2018; response filed Jan. 8, 2018)
- Appellee's "Motion to Strike and/or Disregard the Supplemental Record Filed on December 15" (filed Jan. 7, 2018)

**Appellee's motion for extension of time to file his brief, which he subsequently filed on Nov. 27, 2017, is DISMISSED AS MOOT.**

**Appellant's motion for leave to file a Second Amended Brief is DENIED.**

Appellee's motion to strike or disregard the December 15, 2017 supplemental record is not yet ripe for decision. *See* TEX. R. APP. P. 10.3(a).

In order to facilitate the briefing of the appeal, it is fundamentally the appellant's responsibility to timely review the record, request additional items, supplement the record, and resolve defects or inaccuracies. *See* TEX. R. APP. P. 34.5(b)-(d), 34.6(b)-(e). An appellate court may not refuse to file a supplemental clerk's record because of a failure to timely request items to be included in the clerk's record. *See* TEX. R. APP. P. 34.5(b)(4).

The rules authorize "supplementation" of the record to include relevant items that were "omitted" from the clerk's record. *See* TEX. R. APP. P. 34.5(c). They do not authorize after-the-fact creation of a record of matters that were not before the trial court at the time of relevant rulings. To the extent that appellant has alleged inaccuracies in the clerk's record or the reporter's record, and to the extent the parties cannot agree about what should be included,

disputes must be resolved *in the trial court*. *See* TEX. R. APP. P. 34.5(d), 34.6(e). This court ordered the trial court to hold a hearing to resolve appellant's complaints about inaccuracies in the reporter's record, but appellant effectively waived her complaint by failing to follow through to obtain the necessary resolution in the trial court.

All parties are hereby ORDERED to comply with the requirements of the appellate rules about conferring on motions and including certificates of conference. *See* TEX. R. APP. P. 10.1(a)(5). In the event that a party contends that it has made a reasonable yet unsuccessful attempt to confer, the certificate of conference shall state with particularity what efforts were made in a reasonable attempt to confer, and this court will strike all future motions which do not reflect a prior conference or satisfactory efforts to confer before filing the motion.

It is so ORDERED.

Judge's signature: _/s/ Michael Massengale_
☒ Acting individually    ☐ Acting for the Court

Date: January 9, 2018